UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| BOYD GAMBREL, and his wife, DELPHIA GAMBREL, | ) ) ) ) | Electronically Filed |
| Plaintiffs | ) ) | |
| | ) | Civil Action No. _____ |
| v. | ) ) ) ) | |
| CHARLES KING, and AUTO-OWNERS INSURANCE COMPANY, | ) ) ) | |
| Defendants | ) | |

## COMPLAINT

Come now the Plaintiffs, Boyd Gambrel ("Boyd"), and his wife, Delphia Gambrel ("Delphia," "Plaintiffs" when Boyd and Delphia collectively), by counsel, and for their Complaint against the Defendants, Charles King ("King") and Auto-Owners Insurance Company ("AOIC"), state as follows:

## JURISDICTION & VENUE

1. Plaintiffs are citizens and residents of Bell County, Kentucky whose address is 3861 U.S. Highway 119, Pineville, Kentucky 40977. Plaintiffs consent to the *in personam* jurisdiction of this Court for the purposes of this action.

2. Upon information and belief, King is a citizen and resident of Knox County, Tennessee whose address is 5633 Scenic Hills, Knoxville, Tennessee 37912. Thus, King is subject to the *in personam* jurisdiction of this Court.

3. Upon information and belief, AOIC is Michigan corporation whose principal office is also located in Michigan at 6101 Anacapri Boulevard, Lansing, Eaton County, Michigan

48917. Upon information and belief, AOIC is registered with the Tennessee Department of Commerce and Insurance and is licensed and registered to do business as an insurer in Tennessee, and this, *inter alia*, gives AOIC sufficient contacts with the state of Tennessee to make this Court's exercise of *in personam* jurisdiction proper.

4. Upon information and belief, subject matter jurisdiction exists with this Court under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiffs and the defendants and the amount in controversy in this action exceeds $75,000.00.

5. This Court is a proper venue for this action under 28 U.S.C. § 1391(b)(1) and (2) because King resides in this Court's judicial district and because the events or omissions giving rise to this action occurred in this Court's judicial district.

## FACTS

6. Plaintiffs restate in this section of their *Complaint* all of the allegations made in their *Complaint* hereinabove.

7. On or about September 3, 2013, Plaintiffs were preparing to exit the parking garage at the University of Tennessee Medical Center in Knoxville when the vehicle Boyd was driving, in which Delphia was a passenger, was backed into by King. Plaintiffs were already out of a parking space and preparing to exit the garage with the right-of-way when King backed out of his space and struck the Plaintiffs' vehicle.

8. Upon information and belief, King did not sound his horn or otherwise provide any warning to Plaintiffs that he was backing out of his parking space or to avoid being struck.

9. Upon information and belief, King stated that he did not see the Plaintiffs' vehicle as he was backing out of his parking space.

10. As a result of being struck by King, Boyd has suffered injuries to his shoulder, neck and back.

11. Boyd maintained an insurance policy with AOIC at the time he was struck by King which provides underinsured motorist coverage under Kentucky law, and this coverage is implicated by his claims against King.

### COUNT I: NEGLIGENCE

12. Plaintiffs restate in this section of their *Complaint* all of the allegations made in their *Complaint* hereinabove.

13. King owed a duty of care to motorists like Boyd to, *inter alia*: (a) operate his motor vehicle in the same manner as a reasonably prudent person would under the same or similar circumstances so as to preserve the safety of motorists like Boyd and to avoid hitting him with his vehicle; (b) keep a proper lookout for and be attentive to the presence of other motorists like Boyd to avoid striking them; (c) only back his vehicle out of the parking space if he had the right-of-way; and (d) sound a warning to allow motorists like Boyd to avoid being struck by King.

14. King breached the duties he owed to Boyd stated in numerical paragraph 13 by, *inter alia*: (a) failing to operate his vehicle in the same manner that a reasonably prudent person would under the same or similar circumstances; (b) failing to keep a proper lookout for and be attentive to the presence of other drivers like Boyd; (c) backing his vehicle out his parking space when he did not have the right-of-way; and (d) failing to sound any kind of warning to allow Boyd to avoid being struck by his vehicle.

15. Boyd has suffered injuries and damages which are permanent and continuing in nature and has incurred and will continue to incur reasonable medical expenses therefor, all as a

result of King's breaches of his aforesaid duties, and these breaches are the direct, proximate and legal cause of Boyd's injuries and damages.

16. That Boyd has suffered and continues to suffer substantial pain, suffering, and loss of enjoyment of life as a result of King's negligent acts or omissions.

17. That the reckless nature of King's conduct is such that Boyd is entitled to punitive damages, and a jury instruction on punitive damages.

## COUNT II: LOSS OF CONSORTIUM

18. Plaintiffs restate in this section of their *Complaint* all of the allegations made in their *Complaint* hereinabove.

19. As a result of King's negligence, Delphia has lost and will continue to be without the full society, companionship, cooperation, aid and affection of her husband Boyd and has suffered and will continue to suffer damages as a result.

20. That the reckless nature of King's conduct is such that Delphia is entitled to punitive damages, and a jury instruction on punitive damages.

## COUNT III: CLAIM FOR UNDERINSURED MOTORIST BENEFITS

21. Plaintiffs restate in this section of their *Complaint* all of the allegations made in their *Complaint* hereinabove.

22. Boyd is entitled to underinsured motorist benefits under his policy with AOIC for a judgment in excess of King's maximum automobile liability insurance coverage or a settlement with King for King's maximum automobile liability insurance coverage.

23. Since Boyd is a Kentucky domiciliary and obtained a Kentucky policy with AOIC in Kentucky where his automobile is garaged, registered and insured, the Court should apply Kentucky law to Boyd's entitlement to benefits under his policy with AOIC.

WHEREFORE, the Plaintiffs pray the Court for:

1. A judgment in their favor and against King on Counts I and II of their *Complaint* awarding them damages including but not limited to reasonable medical costs incurred, future medical costs, past, present and future pain and suffering and loss of enjoyment of life, and past, present and future loss of consortium in an amount no less than $200,000.00;

2. For an award of punitive damages on Counts I and II;

3. A judgment against AOIC on Count III;

4. A trial by jury on all issues which may be so tried;

5. Interest on any judgment obtained at the maximum statutory rate then in effect at the time judgment is entered;

6. Retention of jurisdiction over the defendants until all of the Court's Orders are satisfied;

7. Their costs incurred in prosecuting this action, including but not limited to reasonable attorney fees; and

8. Any and all other relief to which they may appear entitled.

Respectfully Submitted,

/s/C. BISHOP JOHNSON
C. BISHOP JOHNSON
CAWOOD & JOHNSON, PLLC
P.O. Drawer 128
Pineville, Kentucky 40977-0128
Telephone: (606) 337-6500
Facsimile: (606) 337-6100
E-mail: cbishopjohnson@bellsouth.net